**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Phillip Kuck,<br><br>1416 2nd Street<br>Santa Monica, CA 90401<br><br>Plaintiff,<br><br>v.<br><br>U.S. Citizenship and Immigration Services,<br><br>Office of the Chief Counsel<br>5900 Capital Gateway Drive<br>Mail Stop 2120<br>Camp Springs, MD 20588-0009,<br><br>U.S. Department of Commerce,<br><br>1401 Constitution Ave., NW<br>Washington, DC 20230<br><br>U.S. Department of Treasury,<br><br>1500 Pennsylvania Avenue, NW<br>Washington, D.C. 20220<br><br>Defendant. | C/A No.: 1:26-cv-00569 |

## COMPLAINT

The President and various cabinet members have touted the so-called "Gold Card," which may provide noncitizens a direct path to permanent residency through a "donation" to the federal coffers. But details about the Gold Card remain elusive. So, Plaintiff Phillip Kuck, an investment-based immigration attorney at the leading EB-5 immigration law firm in the United States requested information about the Gold Card from three agencies through the Freedom of Information Act. No surprise, none of the agencies responded within the Act's mandatory

response time. For the reasons below, this Court should order Defendants to respond to Plaintiff's request, order them to pay reasonable attorney's fees to incentivize compliance with Congress's mandatory deadlines, and reveal the details—or lack thereof—for the Gold Card.

## PARTIES

1. Plaintiff Phillip Kuck resides in Utah, but his office is in Santa Monica, California.

2. Defendant United States Citizenship and Immigration Services ("USCIS") is a federal agency within the U.S. Department of Homeland Security that enforces federal laws over immigration benefits and has responsibility for responding to FOIA requests for information in its custody.

3. Defendant U.S. Department of Commerce ("USDOC") is the federal agency with responsibility for responding to FOIA requests for information in its custody.

4. Defendant U.S. Department of Treasury ("USDOT") is a cabinet-level, federal agency with responsibility for responding to FOIA requests for information in its custody.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B).

6. This Court also has jurisdiction over this action as a federal question under 28 U.S.C. § 1331.

7. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

8. Venue is proper in this District over all claims involving the Freedom of Information Act. 5 U.S.C. § 552(a)(4)(B).

## STATUTORY FRAMEWORK

9. FOIA promotes open government by providing every person with a right to request and

receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

10. In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents. 5 U.S.C. § 552(a)(6)(A).

11. An agency must comply with a FOIA request by issuing a determination within 20 business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

12. The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 771 F.3d 180, 186 (D.C. Cir. 2013).

13. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

14. An agency shall make available a FOIA public liaison to aid the requestor in limiting the scope of the request so that it may be processed within the statutory time limit. 5 U.S.C. § 552(a)(6)(B)(ii).

15. An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(B)(ii).

16. An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

17. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5

U.S.C. § 552(a)(4)(B).

## FACTS

18. Plaintiff Phillip Kuck ("Kuck") is an immigration attorney who represents clients at all stages of the immigration process.

19. Kuck files FOIA requests on behalf of his clients, client bases, and the community of immigration professionals.

20. The purpose of these requests is to acquire information to hold USCIS accountable.

21. To this end, Kuck filed three FOIA requests that USCIS, USDOC, and USDOT have, unsurprisingly, failed to respond to in a timely fashion:

22. On December 17, 2025, Kuck requested the following information from USCIS, USDOC, and USDOT:

> • All contracts, bids, proposals, or statements of work for the design, development, hosting, or maintenance of trumpcard.gov, including vendor names (e.g., GSA, private firms), cost breakdowns, and selection criteria.
> • Records of any solicitations, RFPs, or competitive bidding processes for website-related services since January 20, 2025.
> • Emails, memos, or logs documenting changes to the website content (e.g., updates to FAQs, Platinum Card waitlist, or application forms) from December 10, 2025, to present, including who authorized/approved them and reasons for changes.
> • Budget line items or funding allocations for trumpcard.gov development/maintenance, including sources (e.g., DHS appropriations, DOC transfers).
> • All records on funding sources for the Trump Gold Card program, including congressional appropriations, executive transfers, or internal reallocations to DHS/USCIS/DOC since January 20, 2025.
> • Agreements or memos on how "gifts/contributions" ($1M individual, $2M corporate, $5M Platinum) are deposited, tracked, or disbursed (e.g., to Treasury, DOC under 15 U.S.C. §1522), including any projected revenue estimates or audits.
> • Emails or reports between DHS, USCIS, DOC, and Treasury on fee structures ($15K processing) or maintenance fees (1% annual, 5% transfer), including cost-benefit analyses or legal reviews.
> • Names, roles, and contact info for DHS/USCIS/DOC personnel or contractors involved in program rollout, website management, or vetting processes (e.g., background checks via USCIS).

• All contracts or MOUs with external vendors for program implementation (e.g., payment processors, IT support, legal consultants), including bid evaluations, award notices, and performance metrics.
• Records of any sole-source justifications if no competitive bidding occurred.
• Meeting minutes, emails, or briefs discussing the program's creation, including input from White House, Commerce Secretary Howard Lutnick, DHS Secretary Kristi Noem, or external stakeholders.
• Legal opinions or risk assessments on program constitutionality, tax implications, or equity.
• Any complaints, audits, or internal reviews of the program or website since launch.

23. USCIS acknowledged receipt of this request and assigned it receipt number COW2026000069.

24. USDOC acknowledged receipt of this request and assigned it receipt number DOC-OS-2026-000941.

25. USDOT acknowledged receipt of this request and assigned it receipt number 2026-FOIA-00806.

26. These FOIA Requests have been pending with each agency for 39 days, exclusive of federal holidays or weekends.

**FIRST CAUSE OF ACTION**
**(USCIS - Failure to Respond to Request Within Statutory Timeframe)**

27. Plaintiff filed the above referenced FOIA requests with Defendants and Defendants have failed to respond.

28. USCIS has unlawfully withheld all requested documents. 5 U.S.C. § 552(a)(6)(A)(i).

29. Plaintiff is entitled to an order compelling Defendants to provide all of the requested documents for all three requests. 5 U.S.C. § 552(a)(4)(B).

30. Plaintiff is entitled to reasonable attorney's fees and costs even if Defendants settle this claim by producing the documents during litigation. 5 U.S.C. § 552(a)(4)(E)(i).

**SECOND CAUSE OF ACTION**
**(USCIS - Failure to Produce Responsive Records)**

31. Defendants failed to make reasonable efforts to search for records responsive to the FOIA request identified above, in violation of the Plaintiff's rights under FOIA, including but not limited to 5 U.S.C. § 552(a)(3).

32. Defendants failed to disclose and produce any records responsive to the requests, in violation of the Plaintiff's rights to those records under FOIA, including but not limited to 5 U.S.C. § 552(a)(3)(A).

33. Defendants failed to disclose and produce any records responsive to the requests without a legal basis for withholding such records, in violation of FOIA, including but not limited to 5 U.S.C. §§ 552(a)(3)(A) and (6)(A).

34. The Plaintiff is entitled to its reasonable attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E).

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court:

35. Expedite its consideration of this action pursuant to 28 U.S.C. § 1657;

36. Find that Defendants' failure to respond or disclose records timely was unlawful;

37. Order Defendants to search for and promptly disclose all records responsive to the Plaintiff's requests; and

38. Award the Plaintiff's attorneys' fees and costs.

February 20, 2026

Respectfully submitted,

s/Brad Banias
BRAD BANIAS
Banias Law, LLC
602 Rutledge Avenue
Charleston, South Carolina 29403

brad@baniaslaw.com
843.352.4272
SC Bar No.: 76653
D.D.C. No.: SC0004

Attorney for the Plaintiff